UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARLON BRYAN REYNOLDS,

               Plaintiff,

   -against-

CORRECTIONAL OFFICER N. DARRAH;
GREEN HAVEN CORRECTIONAL FACILITY;
D.O.C.S.,

               Defendants.
------------------------------------------------------------X

MEMORANDUM OPINION AND
ORDER OF SERVICE

11 Civ. 5885 (JGK)

JOHN G. KOELTL, United States District Judge:

     The plaintiff, currently incarcerated at Upstate Correctional Facility, brings this pro se action, pursuant to 42 U.S.C. § 1983, alleging that the defendant correctional officer caused other inmates to assault the plaintiff when he was incarcerated at Green Haven Correctional Facility.

**STANDARD OF REVIEW**

     The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) ; see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe a pro se complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, pro se complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

**DISCUSSION**

A.  <u>D.O.C.S.</u>

The Eleventh Amendment bars from federal court all suits by private parties against a state unless the state consents to such a suit or Congress has validly abrogated its immunity.  <u>See</u> <u>Board of Trustees v. Garrett</u>, 531 U.S. 356, 363-64 (2001); <u>Pennhurst State School & Hospital v. Halderman</u>, 465 U.S. 89, 98-100 (1984).  A state's immunity extends to state agencies such as the Department of Correction or D.O.C.S.  <u>See</u> <u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978) (per curiam); <u>Dube v. State Univ. of New York</u>, 900 F.2d 587, 594-95 (2d Cir. 1990).

Because neither the State of New York nor its agencies have consented to be sued in federal court under 42 U.S.C. § 1983, and Congress has not abrogated the state's immunity, <u>see</u> <u>Trotman v. Palisades Interstate Park Comm'n</u>, 557 F.2d 35, 40 (2d Cir. 1977), the plaintiff's claims against D.O.C.S. are barred by the Eleventh Amendment.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(iii).

B.  <u>Green Haven Correctional Facility</u>

The claims against defendant Green Haven Correctional Facility also cannot proceed because it is not a "person" under 42 U.S.C. § 1983.  A § 1983 action may be maintained only against a "person" who has deprived another of rights under the Constitution.  <u>See</u> 42 U.S.C. § 1983.  Jails, courts, corporations and law firms are not "persons" within the meaning of § 1983. <u>See generally</u> <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989) (state is not a "person" for the purpose of § 1983 claims); <u>Zuckerman v. Appellate Div., Second Dep't Supreme Court</u>, 421 F.2d 625, 626 (2d Cir. 1970) (state court not a "person" within the meaning of § 1983); <u>Whitley v. Westchester County Corr. Facility Admin.</u>, No. 97 Civ. 420, 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (Sotomayor, J.) (correctional facility or jail not a "person" within the meaning of § 1983).  Therefore, the plaintiff's claims against the defendant Green Haven Correctional Facility, which is not a person, must be dismissed.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Court dismisses the plaintiff's claims against D.O.C.S. and Green Haven Correctional Facility. See 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii).

The Clerk of Court is directed to issue a Summons as to Correctional Officer N. Darrah, and the plaintiff is directed to serve the Summons and Complaint upon this defendant within 120 days of the issuance of the Summons. If service has not been made within the 120 days, and the plaintiff has not requested an extension of time to serve within that 120 days, the Complaint may be dismissed for failure to prosecute, pursuant to Rules 4 and 41 of the Federal Rules of Civil Procedure.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

_____
JOHN G. KOELTL
United States District Judge

Dated: 9/30/11
New York, New York